IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-15-0259 |
| JACOBY O. SAMPSON, | * | |
| Defendant | * | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Jacoby Olajuwon Sampson's Motion for Recommendation for Residential Re-Entry Center – (RRC) Pursuant to Title 18 U.S.C. § 3624(c). (Mot., ECF No. 100.) No response from the Government will be required. The motion will be denied without prejudice.

On October 21, 2015, Sampson pled guilty to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1). On January 22, 2016, he was sentenced by the undersigned to a mandatory minimum term of sixty months' incarceration, supervised release for four years, and a $100 assessment. (ECF No. 79.) He has, at this writing, served approximately twenty-four months of his prison term.

In his motion, Sampson indicates he is enrolled in or has completed thirty-seven educational programs including programs pertaining to health, parenting, and history. He says he is currently in the Residential Drug Abuse Program ("RDAP") and holds several leadership positions in RDAP. He also says he has completed his GED testing, he expresses deep remorse for his offense, and he has remained disciplinary report free during his time in prison. (Mot. 1-

2.) He says he has made good progress toward rehabilitation while in prison. (*Id.* 4.) He, therefore, requests the Court recommend to the Bureau of Prisons ("BOP") that he be placed in an RRC during the final portion of his term of incarceration, which, he says, will assist him in making the transition from prison to living and working in the community. (*Id.* 6.) He does not submit any documentation with his motion.

Under 18 U.S.C. § 3621, the BOP may designate an inmate's place of confinement in any available penal or correctional facility that the BOP considers appropriate and suitable, taking into consideration five factors:

(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;
(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence—
    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Further, § 3621(b) states, "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person."

Pursuant to 18 U.S.C. § 3624(c), the BOP shall ensure, to the extent practicable, that an incarcerated individual spends a portion of the final months of his prison term (not to exceed twelve months) under conditions allowing the individual to adjust and prepare for reentry into the community. This subsection notes that a community correctional facility may be considered in this regard and also permits home confinement for a limited time. 18 U.S.C. § 3624(c)(1), (2). This statutory scheme makes clear that the Court is free to make a recommendation for

placement to the BOP and that the Court's recommendation shall be considered as one factor in the BOP's determination of prerelease placement.

The Court has reviewed several cases in which motions similar to the pending one were considered. In one such case, *United States v. Qadri*, No. CR-06-00469-LEK, 2017 U.S. Dist. LEXIS 38716 (D. Haw. Mar. 15, 2017), the court granted the motion when the defendant's time left to serve was roughly eighteen months on a fifty-one-month term, based on the court's conclusion that the defendant's incident-free pretrial release, his good conduct in prison, and his efforts to rehabilitate himself justified the court's recommendation that he be placed for the maximum time allowable in a community correctional facility and in home confinement. *Id.* at *4-5. A different result obtained in *United States v. Hoskins*, No. 3:01-cr-00266, 2018 U.S. Dist. LEXIS 14474 (M.D. Pa. Jan. 30, 2018). There, the defendant's motion was deemed premature when he had only served about twenty-eight months of his sixty-month sentence. *Id.* at *6. The *Hoskins* court noted that BOP policy required the agency to review inmates for prerelease RRC placements seventeen to nineteen months before their projected release dates. *Id.* at *4. Thus, the defendant's motion came at a time well outside of the time given the BOP to make its prerelease evaluation. *Id.* at *6. The court also noted that the defendant had attached no documentation to his motion, leaving the court with too little information to determine whether the defendant's requested recommendation was justified. *Id.* However, the court concluded that, even if Hoskins had provided additional documentation, his motion was simply premature. Consequently, the court denied the motion without prejudice to refile at a later date and with supporting documentation. *Id.* at * 6-7.

The Court considers Sampson's motion to be similar to the one in *Hoskins*, both in terms of its timing and its lack of supporting documentation. Thus, as did the *Hoskins* court, this Court

will deny Sampson's motion without prejudice to refile shortly before the time when the BOP would be likely to consider any recommendation from the Court for prerelease placement. The Court appreciates Sampson's interest in rehabilitating himself and preparing himself for reentry into the community and congratulates him on his progress thus far.

In accordance with the Court's conclusions, IT IS HEREBY ORDERED that Sampson's motion for a judicial recommendation as to prerelease placement (ECF No. 100) IS DENIED WITHOUT PREJUDICE to refile consistently with this opinion.

DATED this 8th day of February, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge